IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY P. BROWN JR.,

    Plaintiff,

v.

TRANSUNION CONSUMER
SERVICES,

    Defendant.

Case No. 1:25-cv-03167-ELR-AWH

**DEFENDANT TRANS UNION LLC'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND**

COMES NOW, Defendant Trans Union LLC ("Trans Union"), and hereby files this Response in Opposition to Plaintiff's Motion to Remand and Response to Notice of Removal (ECF No. 7), and Plaintiff's Motion to Remand Case to Fulton County Superior Court (ECF No. 10) ("Motions to Remand"), and would respectfully show the Court as follows:

**I.    SUMMARY**

Plaintiff sued Trans Union in the Superior Court of Fulton County, Georgia ("State Court Action") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. [ECF No. 1-1 at 9]. Yet, Plaintiff now insists that "the removal was procedurally defective and premature" as "[s]ervice upon

1

Defendant was not validly perfected as of the date of filing removal" and that "Plaintiff is not seeking relief exclusively under federal law [ECF No. 10 ¶¶ 3, 5].

Plaintiff's Motion to Remand should be denied because Plaintiff's own Complaint negates his position. In this Response, Trans Union will show that (1) the case was properly removed based on federal question; (2) Plaintiff's own Complaint alleged he has standing to bring his FCRA claim—albeit meritless; and (3) Plaintiff is not entitled to an award of fees and costs under 28 U.S.C. § 1447(c). Based on the foregoing, remand to state court is not warranted.

## II.    PROCEDURAL BACKGROUND

On September 26, 2024, Plaintiff filed his Complaint against Trans Union in the State Court Action, and Trans Union was served with Plaintiff's Complaint on May 7, 2025. [ECF No. 1].  On June 6, 2025, Trans Union filed its Notice of Removal ("Removal") within the 30-day time period required by 28 U.S.C. § 1446(b), citing federal question as the basis for removal. [ECF No. 1].  On June 16, 2025, and June 17, 2025, Plaintiff filed his separate Motions to Remand. [ECF No's 7, 10].

## III.    FACTS

In his Complaint, Plaintiff alleges negligent and willful violations of the FCRA based on the speculation that Trans Union inaccurately "reinserted a

2

previously deleted [Santander Consumer USA] account without proper certification or notice, in violation of 15 U.S.C. § 1681 i(a)(5)." [ECF No. 1-1 ¶¶ 2]. Plaintiff <u>expressly alleged</u> that Trans Union's conduct caused Plaintiff "emotional distress, loss of credit opportunities, and reputational harm" and clearly seeks "statutory damages, actual damages, and punitive damages for willful and negligent noncompliance with the FCRA" [*Id*. ¶¶ 4, 5].

## IV. <u>LEGAL STANDARD</u>

The federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "An action brought in a state court can be removed to federal court under 28 U.S.C. § 1441(a) when a federal district court also has original jurisdiction unless Congress has expressly prohibited removal." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1998). "There are not many such prohibitions [on removal], and when Congress has decided that justifications exist to prohibit removal, it has made the prohibition clear by unambiguous language in the statute." *Id.* at 1263.

Section 1681p of the FCRA states, in part, that:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . . .

15 U.S.C.A. § 1681p.

3

8042198.1

## V.     ARGUMENTS AND AUTHORITIES

### A.   Removal based on federal question was proper in the instant case.

The "district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1218 (S.D. Fla. 2020) (citing 28 U.S.C. § 1331). Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1441(a). Federal jurisdiction exists when a federal question is presented on the face of the state court plaintiff's complaint. *See Ponder v. Experian Info. Sols., Inc.*, No. 1:20-CV-4548-CAP-JSA, 2021 WL 3398158, at *4 (N.D. Ga. June 15, 2021), *report and recommendation adopted*, No. 1:20-CV-4548-CAP, 2021 WL 3403527 (N.D. Ga. July 7, 2021) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). Because the FCRA is a federal statute, this case "aris[es]" under the laws of the United States. *See Brooks v. Experian Info. Sols., Inc.*, No. 1:23-CV-4257-MLB-JSA, 2023 WL 10350538, at *2 (N.D. Ga. Nov. 28, 2023) (citing 28 U.S.C. § 1441(a)) (explaining that "a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction") (emphasis added). In fact, FCRA matters in the Eleventh Circuit—and across the country for that matter—are routinely and property removed to federal courts. *See e.g.*, *Brooks v. Experian Info.*

4

8042198.1

*Sols., Inc.*, No. 1:23-CV-4257-MLB-JSA, 2024 WL 1009460, at *1 (N.D. Ga. Jan. 24, 2024) (CRA defendant Experian properly removed pro se plaintiff's FCRA lawsuit based on federal question jurisdiction); *Saho v. Nat'l Credit Sys., Inc.*, No. 1:23-CV-2448-SEG-JSA, 2024 WL 3391141, at *1 (N.D. Ga. June 4, 2024), *report and recommendation adopted sub nom. Saho v. Experian Info. Sols., Inc.*, No. 1:23-CV-02448-SEG-JSA, 2024 WL 3843014 (N.D. Ga. July 16, 2024) (furnisher NCS properly removed pro se plaintiff's FCRA lawsuit based on federal question jurisdiction); *Vidal v. Specialized Loan Servicing LLC*, No. 1:22-CV-4394-ELR-WEJ, 2023 WL 2119486, at *1 (N.D. Ga. Jan. 23, 2023), *report and recommendation adopted sub nom. Vidal v. Specialized Loan Servicing LLC.*, No. 1:22-CV-04394-ELR, 2023 WL 11780358 (N.D. Ga. Feb. 24, 2023) (same). Plain and simple: removal was proper here based on federal question—the FCRA. Therefore, this Court should deny Plaintiff's Motion to Remand.

### B. Plaintiff's own Complaint alleged he has standing to bring his FCRA claim—albeit meritless.

A plaintiff's ability to allege standing to bring a claim in federal court is not tantamount to a successful lawsuit. In other words, "[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005); *see also Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*,

5

773 F.3d 243, 245 (11th Cir. 2014) (explaining that "[w]hether a party has Article III standing is a jurisdictional issue, and therefore must be addressed before we may reach the merits."). Usually, if a court determines that a plaintiff lacks standing, the court must dismiss the claim without prejudice. *McGee v. Solic. Gen. of Richmond Cnty.*, 727 F.3d 1322, 1326 (11th Cir. 2013). "This is not so, however, in the removal context." *Id*. Under 28 U.S.C. § 1447(c), "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. (internal quotation marks omitted). But this is not the case here as fully set forth below. To be clear, this case belongs to federal court—and this Court should deny Plaintiff's Motions to Remand.

To establish standing, the plaintiff must allege (1) that he suffered an injury in fact; (2) that defendant caused that injury; and (3) that a favorable decision would likely redress that injury. *Trichell v. Midland Credit Mgmt.,* 964 F.3d 990, 996 (11th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

### 1. Plaintiff has alleged injuries in fact.

A "bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *see also Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48

6

F.4th 1236, 1239 (11th Cir. 2022). Put differently, "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020) (quoting *Spokeo*, 578 U.S. at 341) (alteration in original). As the Supreme Court squarely addressed it, "under Article III, an injury in law is not an injury in fact." *Ramirez*, 141 S. Ct. at 2205.

An injury in fact is "an invasion of a legally protected interest" that must be particularized, concrete, and either actual or imminent. *Trichell*, 964 F.3d at 996 (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130) (internal quotation marks omitted). An injury is "particularized" when it "affect[s] the plaintiff in a personal and individual way." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1548). An injury is "concrete" when it is real rather than abstract. *Id.* (quoting *Spokeo*, 578 U.S. at 340). For example, "tangible injuries qualify as concrete." *Id.* at 997 (citing *Spokeo*, 136 S. Ct. at 339).

Nonetheless, "intangible harms can satisfy Article III's concreteness requirement, too." *Drazen v. Pinto*, 74 F.4th 1336, 1342 (11th Cir. 2023) (citing *Ramirez*, 141 S. Ct. at 2203). A plaintiff's intangible harm may be concrete if it bears a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a

7

lawsuit in American courts." *Ramirez*, 141 S. Ct. at 2204. That is, a party attempting to establish standing must "identif[y] a close historical or common-law analogue for the[] asserted injury." *Id*. In other words, the party must show that "a new harm is similar to an old harm." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 935 (11th Cir. 2020). The Supreme Court in *Spokeo* analogized statutory claims for the disclosure of inaccurate reports to the traditional torts of libel and slander per se, which permit recovery even if the plaintiff's harms are "difficult to prove or measure." *Spokeo*, 578 U.S. at 341.

Here, Plaintiff has alleged both tangible and intangible injurie. Whether or not these allegations have merit—they do not—is a different issue. As set forth above, Plaintiff <u>expressly alleged</u> that Trans Union's conduct caused Plaintiff "emotional distress, loss of credit opportunities, and reputational harm" and clearly seeks "statutory damages, actual damages, and punitive damages for willful and negligent noncompliance with the FCRA" [ECF No. 1-1 at ¶¶ 4, 5]. For purposes of standing analysis, courts have uniformly found that a plaintiff has sufficiently alleged a concrete injury—and thus has standing—in cases with similar allegations. *Shoemaker v. Nationwide Recovery Serv., Inc.*, No. 1:20-CV-3002-AT-CCB, 2021 WL 7708409, at *2 (N.D. Ga. May 25, 2021), *report and recommendation adopted*, No. 1:20-CV-3002-AT, 2021 WL 7708529 (N.D. Ga. June 14, 2021) (finding that

"[p]laintiff's allegations that the [d]efendant's actions caused her emotional distress in the form of 'frustration and anxiety' and 'worry' are sufficient to show that she suffered an injury in fact' and that an allegation of "a reduced credit score is an actionable injury for purposes of the FCRA") (citing *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017)); *see also Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021) (finding plaintiff "has shown a concrete injury in the form of the emotional distress and time he spent contesting" the inaccurate information regarding defendant's actions allegedly violating the FCRA and "there is no question that wasted time is a concrete harm"); *Njie v. Experian Info. Sols., Inc.*, 549 F. Supp. 3d 1361, 1370 (N.D. Ga. 2021) (finding plaintiff "plausibly allege[d] an injury-in-fact sufficient to confer standing in the form of, at a minimum, the denial of credit opportunities"); *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1207 (11th Cir. 2019) (reduced credit score and 'lost credit opportunities' are concrete economic harms); *Lightner v. Cedars Bus. Servs., LLC*, No. 1:22-CV-0371-CAP-JSA, 2023 WL 4049356, at *8 (N.D. Ga. Apr. 26, 2023), *report and recommendation adopted*, No. 1:22-CV-0371-CAP-JSA, 2023 WL 4048693 (N.D. Ga. May 16, 2023) (citing *Walters v. Fast AC, LLC*, 60 F.4th 642, 647 (11th Cir. 2023) (recognizing feeling "anxious, exploited, embarrassed, and worthless" as "a concrete injury in fact" in a Truth in Lending Act case)); *Nguyen v. Atlanta Postal*

9

*Credit Union*, No. 1:21-CV-563-SDG-CCB, 2022 WL 2389226 at *4, 2022 U.S. Dist. LEXIS 119020 at *13 (N.D. Ga. Feb. 16, 2022) (explaining emotional distress is a tangible injury); *see also Hunstein*, 48 F.4th 1236, 1239 (recognizing "reputational harm" as a cognizable injury and that "false" or "misleading" credit reports "can lead to [a cognizable] reputational harm if publicized"); *Lujan*, 504 U.S. at 560 n.1 (stating an injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way"); *but see Peters v. Equifax Info. Servs., LLC*, No. 8:22-CV-2797-KKM-AAS, 2022 WL 18358996, at *1 (M.D. Fla. Dec. 29, 2022) (finding no concrete harm and remanding case where plaintiff "never allege[d] that Equifax published inaccurate credit disclosure to a third party" and "allege[d] only that he personally viewed the inaccurate disclosure").

The Eleventh Circuit and other sister circuits have found that "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." *Kamara v. Medicredit, Inc.*, No. 21-CV-23110, 2022 WL 180289, at *2–3 (S.D. Fla. Jan. 20, 2022) (denying plaintiff's motion to remand and finding defendant "met its burden of establishing sufficient allegations of an injury-in fact" where plaintiff "alleged an injury-in-fact – separate and apart from statutory damage for which he may not have standing – at the start of the litigation") (citing *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003)

and *Ramirez*, 141 S.Ct. at 2204 (holding that reputational harm is an injury-in-fact)). Here, there is no question that Plaintiff seeks actual damages in addition to statutory damages under the FCRA. [ECF No. 1-1 at 10]. Indeed, Plaintiff has alleged "garden-variety injuries in fact" that are sufficient to confer standing. *Walters*, 60 F.4th at 649 (referring to lost of time and damage to credit).

### 2. Plaintiff has alleged traceability.

To allege traceability, a plaintiff only needs to allege that the defendant's acts or omissions are causally connected to the plaintiff's injuries. *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003). Again, whether or not these allegations have merit—they do not—is a different issue. In other words, Plaintiff here must allege that Trans Union "likely caused" his purported damages. *Ramirez*, 141 S. Ct. at 2203. Here, Plaintiff <u>expressly alleged</u> that, "Defendant unlawfully reinserted a previously deleted tradeline account associated with Santander Consumer USA, without proper certification or notice" and "Defendant's conduct causes Plaintiff severe emotional distress , loss of credit opportunities and reputational harm" [ECF No. 1-1 at 4-5]. This is sufficient to allege traceability for a standing inquiry. *But see Gooden-Hamilton v. Albertelli L., LLC*, No. 1:17-CV-1550-TCB-JSA, 2018 WL 3699028, at *1 (N.D. Ga. Apr. 19, 2018), *report and recommendation adopted*, No. 1:17-CV-1550-TCB-JSA, 2018

8042198.1

WL 3698995 (N.D. Ga. May 15, 2018) (finding in an FCRA case that plaintiff "failed to allege sufficient facts in the Complaint to demonstrate that she has standing" where plaintiff "failed to allege facts showing that any [d]efendant reported inaccurate information about any of her accounts, or that she suffered an injury as a result").

### 3. Plaintiff has alleged redressability.

The final step is evaluating whether the plaintiff's alleged injury "is likely to be redressed by a favorable judicial decision." *Losch*, 995 F.3d at 942 (quoting *Spokeo*, 136 S. Ct. at 1547). And Plaintiff said as much—in this lawsuit, he "prays for judgment" that includes "[c]ompensatory and statutory damages," "[p]unitive damages," and "[c]osts of this action and other relief the Court deems just." [ECF No. 1-1 at 5]. Again, whether or not these allegations have merit—they do not—is a different issue. In any event, Plaintiff cannot now deny that he is seeking these damages to avoid the federal jurisdiction.

### C. Plaintiff is not entitled to an award of any fees and costs under § 1447(c) because Trans Union had an objectively reasonable basis for subject matter jurisdiction at the time of removal—and removal is proper.

Plaintiff is not entitled to an award of any fees and costs because Trans Union's Removal was objectively reasonable. Section 1447(c) permits a court to order the payment of "just costs and any actual expenses, including attorney fees"

8042198.1

when a case is improperly removed and subsequently remanded. 28 U.S.C. § 1447(c). The Supreme Court has held that in the absence of unusual circumstances, a court "may award attorneys' fees under § 1447(c) <u>only where the removing party lacked an objectively reasonable basis for seeking removal</u>. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (emphasis added). Trans Union had an objectively reasonable basis for subject matter jurisdiction at the time of removal based on federal question.[1] Accordingly, Plaintiff is not entitled to any award of fees and costs—much less sanctions under Rule 11[2]—and Plaintiff's belief that Trans Union failed to comply with the Local Rules, the Federal Rules of Civil Procedure, and any other law remains just that—a mistaken belief.

---

[1] In any event, "[a]ttorneys are not required to forego removal (something that must occur relatively fast under 28 U.S.C. § 1446(b)) simply because they think they might have a meritorious standing argument. Nothing in the law requires that type of self-censoring of arguments by attorneys. For good reason. It is the job of attorneys to make arguments, and it is the job of judges to decide if the arguments are winners or losers. To hold that Defendants' removal was objectively unreasonable would be to tell defense attorneys that they must leave a removable case in state court if they think a federal court might find the plaintiff lacks standing. That cannot be right." *Ladies Mem'l Ass'n Inc. v. City of Pensacola, Fla.*, 662 F. Supp. 3d 1212, 1218 (N.D. Fla. 2023).

[2] Trans Union notes that Plaintiff did not even attempt to comply with the requirements and procedures under Rule 11. Fed. R. Civ. P. 11.

13

## VI. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Trans Union respectfully requests this Court issue an Order Denying Plaintiff's Motions to Remand and for Cost, and for such other and further relief to which Trans Union may show itself justly entitled.[3]

Respectfully submitted,

*/s/ Paul W. Sheldon*
Paul W. Sheldon
Georgia Bar No. 947098
psheldon@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5453
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

---

[3] Trans Union reserves the right to seek attorney's fees under §§ 1681n(c) and 1681o(b) of the FCRA.

8042198.1

## LOCAL RULE 5.1 CERTIFICATION

I hereby certify that DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

*/s/ Paul W. Sheldon*
**PAUL W. SHELDON**

8042198.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of June 2025, the foregoing document was filed via the Court's CM/ECF system. I further certify that I have mailed the above and foregoing document via United States First Class Mail to the following:

Anthony P. Brown Jr.
anthonybrown39@gmail.com
1947 Flat Rock Road
Stockbridge GA, 30281
(770) 878-7082
***Pro Se Plaintiff***

*/s/ Paul W. Sheldon*
**PAUL W. SHELDON**