# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

ANTHONY P. BROWN, JR.,
Plaintiff,

v.

TRANSUNION CONSUMER SERVICES,
Defendant.

CIVIL ACTION FILE NO.: 1:25-cv-03167-ELR-AWH



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUL 09 2025
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

COMES NOW, Plaintiff Anthony P. Brown, Jr., pro se, and respectfully submits this Reply in Support of Plaintiff's Motion to Remand and Response to Defendant TransUnion LLC's Opposition thereto. In support, Plaintiff states as follows:

### I. INTRODUCTION

Plaintiff's claims include not only federal allegations under the Fair Credit Reporting Act ("FCRA"), but also parallel and independent state law claims, including claims for credit harm, reputational injury, and negligence in violation of Georgia state laws governing the duties of consumer reporting agencies and furnishers. The presence of these state claims, and the mixed nature of the causes of action asserted, supports remand to the state court where the action originated.

### II. PLAINTIFF ASSERTS CLAIMS COGNIZABLE UNDER STATE LAW

Although Defendant focuses heavily on the federal nature of the FCRA claim, Plaintiff's complaint also includes claims and factual allegations that support relief under Georgia state law, including:

- Negligent misrepresentation,
- Failure to conduct a reasonable investigation in violation of Georgia's common law duty of care,
- Economic injury related to credit denials, housing impact, and business financing disruption caused by reporting errors.

Plaintiff seeks actual damages, not limited solely to statutory relief, for ongoing financial and reputational injury under both state and federal law.

## III. REMOVAL IS NOT MANDATORY UNDER FCRA—JURISDICTION IS CONCURRENT

FCRA explicitly permits actions to be brought "in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681p.

This language provides for concurrent jurisdiction, and removal is not mandated. Federal question jurisdiction does not bar a Plaintiff's right to pursue such mixed claims in state court when state remedies are concurrently asserted and where the controversy can be resolved under state law.

## IV. THE STATE COURT IS FULLY COMPETENT TO ADJUDICATE THIS DISPUTE

The Superior Court of Fulton County is a court of general jurisdiction and is fully competent to adjudicate both the FCRA issues and the related state law claims. Maintaining the case in federal court imposes unnecessary procedural burdens, and the removal undermines Plaintiff's forum choice—particularly as a pro se litigant asserting claims with significant local impacts.

## V. CONCLUSION

Because Plaintiff's claims arise under both federal and state law, and because state courts have concurrent jurisdiction under the FCRA, removal was neither necessary nor justified. Therefore, Plaintiff respectfully requests that this Court:

1. GRANT Plaintiff's Motion to Remand,
2. Remand this matter to the Superior Court of Fulton County, Georgia,
3. Deny Defendant's request for costs and fees,
4. And grant such further relief as the Court deems just and proper.

Respectfully submitted this 9th day of July, 2025.

/s/ Anthony P. Brown, Jr.
Anthony P. Brown, Jr.
Pro Se Plaintiff
1947 Flat Rock Road
Stockbridge, GA 30281
anthonybrown39@gmail.com
(770) 878-7082